# IN THE SUPREME COURT OF THE STATE OF NEVADA

CALVIN THOMAS ELAM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 82637

**FILED**

FEB 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Appellant filed a timely petition on May 27, 2020. In his petition, appellant claimed, among other things, that his counsel did not conduct an adequate pretrial investigation or file pretrial motions. The district court denied the petition without appointing counsel. We conclude that the district court abused its discretion in this regard.

NRS 34.750 provides for the discretionary appointment of postconviction counsel and sets forth the following factors which the court may consider in deciding whether to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The decision is not necessarily dependent upon whether a petitioner raises

---

[1] This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

22-05369

issues that, if true, would entitle the petitioner to relief. *Renteria-Novoa v. State*, 133 Nev. 75, 77, 391 P.3d 760, 762 (2017).

The factors in NRS 34.750 favored granting the motion to appoint counsel in this case. Appellant, alleging that he was indigent, requested the assistance of postconviction counsel at the same time he filed his pro se petition, stating that he did not know what he was doing and needed help to investigate and support the claims in his petition. Appellant is serving a significant sentence of life with the possibility of parole after serving 13 years. And some of appellant's claims require development of facts outside the record, including whether trial counsel was ineffective for not investigating or filing pretrial motions. The failure to appoint postconviction counsel prevented a meaningful litigation of the petition under these facts. For the reasons set forth above, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Hardesty                                       Gibbons

cc:     Hon. Joseph Hardy, Jr., District Judge
        Calvin Thomas Elam
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

